ORIGINAL

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | | |
|---|---|---|
| SAMANTHA D. WATKINS, | * | |
| Plaintiff, | * | |
| v. | * | CASE NO. CV 314-039 |
| CAPITAL CITY BANK, | * | |
| Defendant. | * | |

## ORDER

Before the Court are Defendant's motion to consolidate, motion to dismiss, and motion for injunction and award of attorney's fees. Defendant's motion to consolidate is **DENIED** as moot, Defendant's motion to dismiss is **GRANTED**, and Defendant's motion for injunction and award of attorneys' fees is **DENIED**.

### I. BACKGROUND

On March 12, 2014, Plaintiff and Matthews, Wilson & Matthews, Inc. filed a motion to vacate in <u>Matthews, Wilson & Matthews, Incorporated and Samantha D. Watkins v. Capital City Bank</u>, CV 306-95 (S.D. Ga. 2014)(hereinafter referred to as the "underlying suit"). On April 21, 2014, Plaintiff filed the instant case seeking relief from judgment in the underlying suit, although judgment had not yet been entered therein. On

July 7, 2014, Chief Judge Lisa Godbey Wood denied the motion to vacate in the underlying suit, finding that it "fell well short of the standard to vacate the judgment." Id. Plaintiff and Matthews, Wilson & Matthews, Inc. appealed that judgment and the Eleventh Circuit Court of Appeals dismissed the case for failure to prosecute because Matthews, Wilson & Matthews, Inc. did not retain counsel as required by local rules. Matthews, Wilson & Matthews, Inc. and Samantha D. Watkins v. Capital City Bank, No. 14-13565-A (11th Cir. 2014).

Here, Plaintiff contends that she is entitled to relief from the judgment in the underlying suit - which had not yet been entered when she brought this action - on the grounds that Defendant used fraud to obtain the result. Plaintiff insists that Defendant intentionally misappropriated funds, doctored evidence, and "prevented a full and fair litigation of all issues germane to Plaintiff's case." (Compl. ¶¶ 5, 8.) Plaintiff presents no factual basis for her bald allegations.

## II. DISCUSSION

A. Defendant's Motion to Consolidate

Defendant requests that this case be consolidated with, then dismissed with, the underlying suit. As noted, the underlying suit is no longer pending. Defendant's motion to consolidate is therefore **DENIED** as moot.

2

B. Defendant's Motion to Dismiss

Defendant argues that Plaintiff's case should be dismissed on grounds of res judicata (claim preclusion) and collateral estoppel (issue preclusion), and the Court agrees. The United States Supreme Court declared that

> [u]nder res judicata, a final judgment on the merits bars further claims by parties or their privies based on the same cause of action. Under collateral estoppel, once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation.

Montana v. United States, 440 U.S. 147, 153-54 (1979)(internal citations and quotations omitted). In short, claims and issues that have already been raised are barred by these doctrines. City Bank N.A. v. Data Lease Fin. Corp., 904 F.2d 1498, 1503 (11th Cir. 1990)("[I]f the case arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action, [then] the two cases are really the same 'claim' or 'cause of action' for purposes of res judicata.")

Here, Plaintiff's case arises out of the same nucleus of operative fact, based upon the same factual predicate, as the underlying suit. Both cases challenge the foreclosure of the Knob Hill Assisted Living Center and subsequent legal proceedings. The Court finds that Plaintiff has had a full and fair opportunity to challenge those proceedings. Therefore,

Defendant's motion to dismiss is **GRANTED**.

C. Defendant's Motion for Injunction and Award of Attorneys' Fees

Defendant argues further that the Court should enjoin Plaintiff from re-litigating claims and issues arising from the foreclosure of the Knob Hill Assisted Living Center and award Defendant attorneys' fees for having to defend this lawsuit. Defendant points to Plaintiff's history of litigiousness to support its argument.[1] Courts have broad discretion to draft orders to enjoin abusive litigants, Martin-Trigona v. Shaw, 986 F.2d 1384, 1387 (11th Cir. 1993), but the Court declines to do so here.[2] Instead, the Court addresses Defendant's valid concern by dismissing Plaintiff's case with prejudice. Defendant's motion is **DENIED**.

### III. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's motion to consolidate, motion to dismiss, and motion for injunction and award of attorneys' fees (doc. no. 10) is hereby **GRANTED** in

---

[1] See Addendum.

[2] Plaintiff should not perceive this Court's decision to not impose sanctions or an injunction to mean that the Court will not do so in the future in an appropriate case. Plaintiff, members of her family, and business entities affiliated with her family are forewarned that continuing their pursuit of frivolous litigation may result in sanctions, injunction, and/or other appropriate relief.

4

part and **DENIED** in part as set forth in this Order. Plaintiff's claims against Defendant are **DISMISSED WITH PREJUDICE**. The Clerk is directed to **TERMINATE** all motions and deadlines and **CLOSE** this case. Each party shall bear their own costs.

**ORDER ENTERED** at Augusta, Georgia, this 20th day of October, 2014.

_____
UNITED STATES DISTRICT JUDGE

**ADDENDUM**

Plaintiff, members of her family, and business entities affiliated with her family have filed numerous actions in various state and federal jurisdictions over the past decade challenging the foreclosure of the Knob Hill Assisted Living Center and the foreclosure of a parcel of real property in Conyers, Georgia. The Watkins have yet to win a case, but that has not deterred them pursuing their game plan of continuously filing meritless law suits in as many different courthouses as possible for as long as possible. So far, their litany of failed and frivolous litigation includes:

(1) <u>Geneva L. Watkins and Doge, Inc. v. Farmers and Merchants Bank, et al.</u>, CV-06C-10783-1 (Sup. Ct. of Gwinnett Cnty.);

(2) <u>Samantha D. Watkins v. Farmers and Merchants Bank, et al.</u>, CV-08-49311 (Sup. Ct. of Bibb Cnty.);

(3) <u>Matthews, Wilson & Matthews, Inc. v. Farmers and Merchants Bank, et al.</u>, CV-08-49310 (Sup. Ct. of Bibb Cnty.);

(4) <u>Doge, Inc. v. Capital City Bank as Successor In Interest to Farmers and Merchants Bank</u>, CV-09-51378 (Sup. Ct. of Bibb Cnty.);

(5) <u>Doge, Inc. v. Farmers and Merchants Bank, et al.</u>, CV-2004-12445 (Sup. Ct. of Laurens Cnty.);

(6) <u>Doge, Inc. v. Farmers and Merchants Bank, et al.</u>, CV-2004-0654 (Sup. Ct. of Columbia Cnty., Sept. 3, 2004);

(7) <u>Matthews, Wilson & Matthews, Inc. and Samantha Watkins v. Brent Savage and Savage, Turner, Kraeutner, Pinkney, Britt & Madison</u>, CV-10-1131-AB (Sup. Ct. of Chatham Cnty., Jun. 29, 2010);

(8) <u>Matthews, Wilson & Matthews, Inc., et al. v. Savage, et al.</u>, A-13-A-0181 (Ga. Ct. App. July 2, 2013);

(9) <u>In re: Matthews, Wilson & Matthews, Inc.</u>, No. 03-13298 (Bankr. S.D. Ga. 2003);

(10) <u>Geneva L. Watkins v. Farmers and Merchants Bank; Wallace E. Miller; and Capital City Bank</u>, CV-304-79 (S.D. Ga. 2004), <u>aff'd</u>, No. 06-16061 (11th Cir. 2007)(<u>per curiam</u>);

(11) <u>Matthews, Wilson & Matthews, Inc. v. Peoples</u>

Community Bank of South Carolina, CV-105-182 (S.D. Ga. 2005), aff'd, No. 06-16054 (11th Cir. 2007)(per curiam);

(12) Matthews, Wilson & Matthews, Inc. and Samantha D. Watkins v. Capital City Bank, CV-06-1561 (N.D. Ga. 2006);

(13) Robert L. Watkins v. Farmers and Merchants Bank; Capital City Bank as Successor in Interest to Farmers and Merchants Bank; and LP Keep Insurance Agency, Inc., CV-508-259 (M.D. Ga. 2008);

(14) Matthews, Wilson & Matthews, Inc. and Samantha D. Watkins v. Capital City Bank, No. 07-15615 (11th Cir. 2008);

(15) Geneva L. Watkins v. Capital City Bank as Successor in Interest to Farmers & Merchants Bank; Wallace E. Miller; Samuel Hilbun; Hilbun & Helton, LLC; Edward J. Tarver; Hull Barrett, PC; Roy Cowart; and Craig Cowart, CV-310-087 (S.D. Ga. 2010);

(16) Geneva L. Watkins v. Capital City Bank as Successor in Interest to Farmers & Merchants Bank; Wallace E. Miller; Samuel Hilbun; Hilbun & Helton, LLC; Edward J. Tarver; Hull Barrett, PC; and Roy Cowart, CV-513-212 (D. Vt. 2013);

(17) Matthews, Wilson & Matthews, Inc. and Samantha D. Watkins v. Capital City Bank, CV 306-95 (S.D. Ga. 2014); and

(18) Matthews, Wilson & Matthews, Inc. and Samantha D. Watkins v. Capital City Bank, No. 14-13565-A (11th Cir. 2014).